# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

_____

**K.K., a minor, by and through her mother**

**and guardian, BRITTNEY KELLER,**

      **Plaintiff,**

 **v.**                                        **No. _____**

**AMBAJI INC LAVERGNE**

**d/b/a ECONOLODGE (DICKSON, TN),**

      **Defendant.**

## COMPLAINT

Comes now K.K., by and through her mother and guardian, Brittney Keller, filing this Complaint and showing:

### I.  JURISDICTION & VENUE

1. Plaintiffs reside in Trenton, Tennessee.

2. Defendant is a place of public accommodation located in Dickson, Tennessee where Plaintiffs attempted to lodge.

3. This court has jurisdiction under 28 U.S.C. 1331 and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA").

4. Venue is proper under 28 U.S.C. 1391 because the acts complained of occurred in Dickson, Tennessee within the jurisdictional boundaries of this Court.

## II. FACTS

5. K.K. is a child and an individual with a physical or mental "disability" under the ADA. She has the medical impairments of bipolar disorder I and psychotic disorder with features of schizophrenia. She takes medications, the side effect of which causes tardive dyskinesia (involuntary movements of facial features and extremities). She is, therefore, substantially limited in neurological activity, movement, bodily control, and mental processes.

6. In 2015, K.K.'s family purchased "Jackson," a trained medical service animal (dog) to assist K.K., at a cost of approximately $11,000.

7. Jackson serves many of K.K.'s needs. He retrieves her medications from a bag. He alerts her to a change of mood based upon scent. He opens and closes the refrigerator and retrieves items. He turns on and off lights. He reduces her fears or hallucinations by checking out perceived dangers through a "Go" command. He blocks persons from K.K. upon an "Oobah!" command. He circles K.K. and others to provide her more space through a "Circle" command. He gets help from third persons upon a "Help!" command. He assists K.K. with her impulse control. He does other things too.

8. In April 2016, K.K. was invited to speak at a graduation ceremony for "Retrieving Independence/Serving with Canines" in Only, Tennessee.

9. On or about April 14, 2016, K.K. and her mother attempted to lodge at the EconoLodge in Dickson, Tennessee. However, upon arriving with Jackson, the attendant advised them that only "pet friendly" rooms were allowed. When K.K. and her mother explained how Jackson was a service dog, not simply a pet, the clerk stated that service dogs are still subject to the pet friendly policy and, since the pet friendly rooms

were booked, they could not stay at the EconoLodge. Other, regular rooms were available but they were denied solely due to K.K.'s service dog.

10. K.K.'s mother complained to EconoLodge's complaint department without any results.

11. In September of 2016, K.K. and her mother again called about staying at the EconoLodge. Once again, the attendant advised that only "pet friendly" rooms would be available and this was the hotel "policy."

12. This policy or practice is illegal. Defendant does not have an institutional policy that is reasonably calculated to ensure that, or is reasonably followed, so that its hotel is fully accessible to, and independently usable by, persons with a service animal. K.K. was treated differently by denying her the same enjoyment to public lodging accommodations that persons without her disability enjoy. This discrimination has occurred repeatedly and, unless corrected, will reasonably occur in the future as K.K. will regularly visit Dickson, Tennessee and has a right to lodge at the EconoLodge.

### III.  CAUSE OF ACTION

13. Based upon the foregoing facts, Plaintiff brings a claim under Title III of the ADA for discrimination and unequal access.

### IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

b. A permanent injunction which directs Defendant to take all steps necessary to bring its hotel(s) into full compliance with the requirements set forth in the ADA;

c. Payment of costs of suit;

d. Payment of reasonable attorneys' fees; and

e. The provision of whatever other relief the Court deems just, equitable and appropriate.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT PLC**

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite    504
Chattanooga, TN 37402
Telephone: 423-499-3044
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com

Jessica F. Salonus (TN Bar No. 28158)
101 North Highland Avenue
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jsalonus@gilbertfirm.com